UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAYLOR B. GODWIN, BY AND THROUGH
HER GUARDIAN, TAMI GODWIN                                                                PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:14CV391 DPJ-FKB

UNITED STATES OF AMERICA, MONICA P. BROWN,
OMNI INSURANCE COMPANY, MISSISSIPPI
FARM BUREAU CASUALTY INSURANCE COMPANY,
AND JOHN DOES 1-5                                                                         DEFENDANTS

ORDER

This case involving a motor-vehicle accident is before the Court on motion of the United States for dismissal [14] pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Plaintiff responded in opposition and filed a motion seeking jurisdictional discovery [21]. The United States opposes the request. Having considered the submissions of the parties, along with the pertinent authorities, the Court finds Plaintiff's motion for discovery [21] should be granted and Defendant's motion to dismiss [14] should be denied without prejudice to its right to re-file following such discovery.

I.     Facts and Procedural History

Plaintiff Tami Godwin filed this suit on May 13, 2014, alleging that Defendant Monica P. Brown, while in the course and scope of her duties as an employee of the United States Postal Service, caused an automobile accident that injured Taylor Godwin. Shortly thereafter, the United States filed the instant motion to dismiss, contending that Brown was off-duty at the time of the accident.[1]

---

[1] Magistrate Judge F. Keith Ball stayed discovery in light of the Rule 12(b)(1) motion.

In support of its motion, the United States presented the declaration of Anita Wright, the Officer in Charge of the Stonewall, Mississippi, post office, which employed Brown. Wright attests that Brown "left for the day at 2:40 pm" and that the collision, according to the Accident Report, occurred at 2:55 pm. Wright Decl. [14-1] at 3–4. It is undisputed that Brown was driving her personal vehicle at the time of the accident, but Plaintiff's theory is that Brown was still "on duty" because she was delivering a package that was left out of the route mail. She asks the Court to lift the stay of discovery so she may further explore this factual dispute.

II.   Analysis

    A.   Rule 12(b)(1) Motion

The United States moves to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Here, the Court is called upon to consider matters of fact that are in dispute—specifically, whether Brown was "on duty" at the time of the accident. *See id.* ("In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.") (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (explaining that a defendant makes a "factual attack" upon the court's subject-matter jurisdiction when it submits affidavits, testimony, or other evidentiary materials).

B.     Discovery Request

Even with purely jurisdictional questions under Rule 12(b)(1), discovery is appropriate in some cases. *E.H. v. Miss. Dep't of Educ.*, 3:12-CV-00474-DPJ, 2013 WL 4787354 (S.D. Miss. Sept. 6, 2013) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)).  As explained by the Fifth Circuit,

> It is true that the factual determinations decisive of a motion to dismiss for lack of jurisdiction are within the court's power, and that no right to a jury trial exists with regard to such issues.  But still the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss. Thus, some courts have refused to grant such a motion before a plaintiff has had a chance to discover the facts necessary to establish jurisdiction.

*Williamson*, 645 F.2d at 414 (internal citations omitted).

Plaintiff asks the Court to lift the stay of discovery so she may conduct limited jurisdictional discovery by deposing Defendant Monica P. Brown; Deputy Barry White, the sheriff's deputy who worked the accident; and Danny Joe Jones, a mail carrier for the Stonewall Post Office.  In support of her request, she has presented the affidavit of Melissa Shirley, a paralegal for Plaintiff's former counsel.  Though many of Shirley's statements are hearsay, she reports that Danny Joe Jones told Deputy White that Brown was delivering a package at the time of the accident.  Shirley Aff. [18-2] at 1.  She also states that Deputy White informed her that one or more persons from the postal service came to the scene of the accident and took photos.  *Id.* at 2.  While these statements may not be admissible evidence, they do support Plaintiff's request to depose these individuals in order to adequately respond to the motion to dismiss.

Finally, Plaintiff points out that she is prohibited from speaking directly with Defendant Brown to clarify the day's events. *See* Mississippi Rule of Professional Conduct 4.2; Email of September 2, 2014 [18-1] (recording the Government's counsel's objection to any contact with Brown by Plaintiff). At a minimum, the Court would need to hear Brown's account. Brown has not provided an affidavit, and Plaintiff's theory is not necessarily inconsistent with Wright's affidavit.

Jurisdiction hinges on whether Defendant Brown was "on duty" at the time of the accident. The United States has presented evidence that she was not in support of its motion, and the Court finds that Plaintiff should be given an opportunity to conduct limited discovery to further flesh out the record and respond to the motion.

III.   Conclusion

Based on the foregoing, the Court finds Plaintiff's motion for discovery [21] should be granted. Plaintiff is given forty-five (45) days from the date of this Order to conduct limited jurisdictional discovery—which may include the depositions of Defendant Brown, Deputy White, and Danny Joe Jones.[2] The stay of discovery is lifted for this limited purpose.

In light of the discovery that will take place, the Court finds that Defendant's motion to dismiss [14] should be denied without prejudice. Should the United States, with the benefit of discovery, wish to pursue dismissal based on lack of jurisdiction, it may re-file its motion within fourteen (14) days of the close of discovery. If not, the United States should notify the Court that the stay can be lifted in full.

---

[2] Plaintiff did not request a specific time frame to conduct discovery. If additional time is necessary, she may move for an extension.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2014.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE