UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TAYLOR B. GODWIN, by and through
her guardian, TAMI GODWIN                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14cv391-DPJ-FKB

UNITED STATES OF AMERICA,
MONICA P. BROWN, OMNI INSURANCE
COMPANY, MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE COMPANY, AND
JOHN DOE DEFENDANTS 1 THROUGH 5                                     DEFENDANTS

ORDER

        This case is before the Court on Defendant United States of America's Motion to Dismiss

or, alternatively, for Summary Judgment [36].  Because the jurisdictional question is intertwined

with the merits of Plaintiff's federal claim, and because the Court finds genuine issues of

material fact on the merits of the claim, the motion is denied.

I.      Facts and Procedural History

        Plaintiff Tami Godwin filed this suit on May 13, 2014, alleging that Defendant Monica P.

Brown, while in the course and scope of her duties as an employee of the United States Postal

Service, caused an automobile accident that injured Taylor Godwin.  Federal jurisdiction is

premised on 28 U.S.C. § 1346, which grants the district courts subject-matter jurisdiction over

tort claims against the United States.  The United States moved [14] to dismiss, contending that

Brown was off-duty at the time of the accident, and Plaintiff moved [21] for jurisdictional

discovery.  The Court granted the motion for discovery and denied the motion to dismiss without

prejudice to the United States' right to re-file its motion following the period of jurisdictional

discovery.  Order [27].

After the parties engaged in jurisdictional discovery, the United States filed the instant motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) or summary judgment under Rule 56.  The evidence submitted by the parties establishes the following undisputed facts: At the time of the accident, Brown was employed as a Rural Carrier Associate of the United States Postal Service based out of Stonewall, Mississippi.  As a Rural Carrier Associate, Brown drove her personal vehicle to deliver mail.  On the day of the accident, Brown completed her usual postal route and returned to the post office at approximately 2:35 p.m.  She completed her work at the post office, signed out from work, and left the office in her personal vehicle at 2:40 p.m.  But while at the post office, Brown discovered a piece of mail that she had inadvertently failed to deliver on her route that day.  So when she left the post office at 2:40, she did not head toward her home in Meridian but instead drove back in the direction of the mail recipient's home to deliver the omitted piece of mail.  The accident occurred at 2:55 p.m.

The evidence also reveals disputed questions of fact as to whether, on the date of the accident or on any previous occasion, the Officer in Charge of the Stonewall Post Office, Anita Wright, gave Brown permission to return to her route after signing out for the day.  Specifically, Brown testifies in her deposition that Wright gave her permission to return to her route to deliver the piece of mail in question, but Wright testifies that she would not have given Brown permission to deliver the mail after her working hours.  Another rural carrier based out of the Stonewall Post Office, Danny Jones, testifies that he knew of no one who had been given permission to deliver mail after working hours.  He and Wright also testify that the type of mail recovered from Brown's vehicle that she was en route to deliver was not the kind of mail that would need to be delivered after hours.

2

II.     Standards

Lack of subject-matter jurisdiction may be found based on:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  Here, the Court must consider matters of fact that are in dispute    specifically, whether Brown was "on duty" at the time of the accident.  But

> [w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.

*Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).  "[W]here factual issues determinative of jurisdiction are intertwined with or identical to factual issues determinative of the merits[,] . . . the rule of *Bell v. Hood*[, 327 U.S. 678, 682 (1946),] requires the district court to assume jurisdiction and decide the case on the merits." *Wordwide Parking, Inc. v. New Orleans City*, 123 F. App'x 606, 608  09 (5th Cir. 2005) (citations omitted).

In the Federal Tort Claims Act context, dismissal for lack of subject-matter jurisdiction based on a finding that the tortfeasor was not acting within the scope of her employment at the time of the incident would be improper.  *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004).  Instead, the "jurisdictional attack intertwined with the merits of [the] FTCA claim should be treated like any other intertwined attack" and considered under Rule 12(b)(6) or Rule

3

56. *Id.* Because the United States has alternatively moved under Rule 56 and the parties have presented evidence in support of their positions, the Court will address the motion under Rule 56.

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

Finally, "the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 98 (5th Cir. 2007) (internal quotation marks and citation omitted).

III.     Analysis

"The Constitution contemplates that, except as authorized by Congress, the federal

government and its agencies are immune from suit."  *Supreme Beef Processors, Inc. v. Dep't of*

*Agric.* (*In re Supreme Beef Processors, Inc.*), 468 F.3d 248, 251 (5th Cir. 2006) (en banc).

"Congress provided, in the FTCA, an exclusive vehicle for the assertion of tort claims for

damages against the federal government."  *Id.* at 252.  Relevant here, the FTCA waives the

government's sovereign immunity for claims

> for injury or loss of property, or personal injury or death caused by the negligent
> or wrongful act or omission of any employee of the Government while acting
> within the scope of his office or employment, under circumstances where the
> United States, if a private person, would be liable to the claimant in accordance
> with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  The parties agree that the question of whether Brown was "acting within

the scope of h[er] office or employment" is determined under Mississippi law because the

accident occurred in Mississippi.  *See Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006).

"Under Mississippi law, to be within the scope of employment, the acts must have been

'committed in the course of and as a means to accomplishing the purposes of the employment

and therefore in furtherance of the master's business . . . [or] incidental to the authorized

conduct.'"  *Wright ex rel. Wright v. United States*, 69 F. Supp. 3d 606, 611 (S.D. Miss. 2014)

(alterations in original) (quoting *Adams v. Cinemark U.S.A., Inc.*, 831 So. 2d 1156, 1159 (Miss.

2002) (en banc)).  "That an employee's acts are unauthorized does not necessarily place them

outside the scope of employment if they are of the same general nature as the conduct authorized

or incidental to that conduct."  *Adams*, 831 So. 2d at 1159.  The Mississippi Supreme Court has

cited with approval the pertinent section of the Restatement (Second) of Agency, which explains:

(1) Conduct of a servant is within the scope of employment if, but only if:

    (a) it is of the kind he is employed to perform;

    (b) it occurs substantially within the authorized time and space limits; [and]

    (c) it as actuated, at least in part, by a purpose to serve the master . . . .

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Restatement (Second) of Agency § 228 (1958), *cited in Children's Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 935 (Miss. 2006) (en banc).  Applying this test, and viewing the evidence in the light most favorable to Plaintiff, there is at least a question of fact as to whether Brown was acting within the scope of her employment at the time of the accident.

Specifically, Brown was attempting to deliver a piece of mail, an activity "'in furtherance of the master's business.'"  *Wright*, 69 F. Supp. 3d at 611.  She was performing a function "of the kind" she was employed to perform within the authorized space limit (her route) and was motivated "by a purpose to serve the master."  *Phillips*, 940 So. 2d at 935.

As for the time element, the United States leans heavily on the fact that Brown had clocked out.  *See* Def.'s Mem. [37] at 7 8.  And it cites cases like *Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc.*, addressing Mississippi's "going and coming" rule.  416 So. 2d 963, 964 (Miss. 1982) (explaining that, for purposes of worker's compensation eligibility, "'the hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment'" (quoting *Aetna Fin. Co. v. Bourgoin*, 174 So. 2d 495, 497 (Miss. 1965))).

6

*Stepney* and other similar cases do not require dismissal.  First, Brown was not merely going home from work after clocking out.  She was instead traveling to deliver a parcel.  Second, Brown claims that her supervisor authorized the delivery, which would bring the activity within the "authorized time."  *Phillips*, 940 So. 2d at 935.  Finally, even *Stepney* notes the exceptions to the "going and coming" rule.  416 So. 2d at 964.  One recognized exception is "when the employee is on a special mission or errand for his employer."  *Duke ex rel. Duke v. Parker Hannifin Corp.*, 925 So. 2d 893, 896  97 (Miss. Ct. App. 2005).  While the United States asserts that Brown's testimony regarding authorization "is not credible," Def.'s Reply [40] at 2, the Court may not make credibility determinations under Rule 56.  *WC&M Enters., Inc.*, 496 F.3d at 397.

Thus, viewing the evidence in the light most favorable to Plaintiff, Brown was not "returning from" work at the time of the accident; she was attempting to complete her work for the day by delivering the forgotten piece of mail with the authority to do so.  Based on the foregoing, the Court cannot say, as a matter of law, that Brown was outside the scope of her employment so as to entitle the United States to summary judgment on the FTCA claim.

IV.     Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant United States of America's Motion to Dismiss or, alternatively, for Summary Judgment [36] is denied.  The parties are instructed to contact the chambers of the magistrate judge within 10 days of the entry of this Order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

7