UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TAYLOR B. GODWIN, by and through
her guardian, TAMI GODWIN                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14cv391-DPJ-FKB

UNITED STATES OF AMERICA,
MONICA P. BROWN, OMNI INSURANCE
COMPANY, MISSISSIPPI FARM BUREAU
CASUALTY INSURANCE COMPANY, AND
JOHN DOE DEFENDANTS 1 THROUGH 5                                DEFENDANTS

ORDER

This case is before the Court on Defendant Omni Insurance Company's Motion for Summary Judgment [88]. Plaintiff has responded in opposition. The Court, having considered the submissions of the parties, finds that the policy exclusion Omni asserts is void and therefore its motion should be denied.

I.    Facts and Procedural History

Plaintiff Tami Godwin ("Godwin") filed this suit on May 13, 2014, alleging that Defendant Monica P. Brown, while in the course and scope of her duties as an employee of the United States Postal Service, caused an automobile accident that injured her daughter, Taylor Godwin ("Taylor"). Alternatively, because Brown was uninsured at the time of the accident, Godwin contends that Omni Insurance Company ("Omni") owes coverage under the uninsured-motorist provisions of Policy 3891878 ("the Policy").

At the time of the accident, Taylor was living with Godwin and was operating her mother's vehicle (which she regularly drove), but was not listed as a driver on the Policy's declarations page. *See* Pl.'s Interrog. Resp. [89-4] at 1, 2, 10; Declarations Page [89-2]. Omni

therefore insists that Taylor is not covered based on its "unnamed-driver" exclusion.  Policy [89-3] at 14 (CM/ECF pagination).

In response, Godwin argues that Omni's unnamed-driver exclusion violates the Mississippi Uninsured Motorist Act, Mississippi Code § 83-11-101.  Though the case is now stayed while Taylor continues to recover, the present motion is fully briefed, the Court has jurisdiction, and a ruling on Omni's motion is appropriate without further delay.

II.     Summary Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

Finally, "the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397–98 (5th Cir. 2007) (internal quotation marks and citation omitted).

III.   Analysis

When the accident happened, Taylor was driving her mom's car though she was not listed as a driver on the Policy's declarations page. Omni therefore invokes the following unnamed-driver exclusion:

> Exclusions
>
> A.  We do not provide Uninsured Motorists Coverage for property damage or bodily injury sustained by any insured:
>
> . . .
>
> 6.  While your covered auto is operated by a resident of your household who is a regular and frequent user of your covered auto but is not listed on the Declarations page as a driver or operator.

Policy [89-3] at 14. Taken at face value, this exclusion would preclude coverage because Taylor was not an "insured." But Godwin insists that the exclusion is void because it violates the Mississippi Uninsured Motorist Act ("the Act"). Miss. Code Ann. §§ 83-11-101(1), *et seq*.

Since 1967, all automobile insurance policies written in the state of Mississippi are required to include uninsured-motorist coverage that meets the minimum requirements established by the Act.

> The intent of the Act is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers. Its purpose is to provide the same protection to one injured by an

3

> uninsured motorist as that individual would have if injured by a financially responsible driver. The statute is to be liberally construed so as to achieve compensation.

*Atlanta Cas. Co. v. Payne*, 603 So. 2d 343, 345 (Miss. 1992) (citation and quotation marks omitted).

Significantly, "if the provisions of an insurance policy conflict with the statute, the statutory provisions prevail and are incorporated into the policy." *Dunnam v. State Farm Mut. Auto. Ins. Co.*, 366 So. 2d 668, 670 (Miss. 1979). And in this case, Godwin contends that the unnamed-driver exclusion violates section 83-11-103(b). That section defines the term "insured" to

> mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies . . . . The definition of the term "insured" given in this section shall apply only to the uninsured motorist portion of the policy.

Thus, the Act would define Taylor as an "insured" for uninsured-motorist coverage, whereas the Policy would not. The question is whether express policy language can limit the Act in this way.

The parties properly focus their attention on *Atlanta Casualty Co. v. Payne*, which is the most analogous case from Mississippi. There, Pakita Payne sought automobile insurance, but because her husband Randy had a suspended license, she "could not obtain affordable coverage." *Payne*, 603 So. 2d at 345. To remedy that problem, Pakita—and Randy—signed "a Named Driver Exclusion, which precluded her from recovering damages under the policy in the event an accident occurred while Randy was driving the car." *Id.* And that is, of course, what happened when Randy collided with an uninsured motorist. *Id.* Though the court found the exclusion "clearly" precluded coverage, it nevertheless found that coverage existed. The court noted,

4

"When an insurance company requires its insured to execute an exclusionary endorsement contrary to our law and statutes, it is void." *Id.* at 346.

Omni acknowledges *Payne*, as it must. But because the policy in that case actually named the excluded driver—Randy Payne—Omni contends that "[n]o Mississippi court has explicitly rejected an exclusion such as the exclusion at issue." Def.'s Reply [96] at 3. This distinction, to the extent it suggests an *Erie* guess, would not support a finding for Omni. If the Mississippi Supreme Court is willing to void an exclusion of coverage when a specifically named individual is driving, it would likely void a clause that excludes coverage as to a generically described class of drivers. The former is a more explicit expression of the parties' intent, and both provisions alter the definition of "insured" under the Act.

Omni does, however, make an interesting argument based on the observation in *Payne* "that in order to limit uninsured motorist coverage, 'it must be done in clear and unambiguous language that it may be readily seen and understood by the insured at the time the coverage is limited.'" *Payne*, 603 So. 2d at 348 (quoting *Hartford Accident & Indem. Co. v. Bridges*, 350 So. 2d 1379, 1381 (Miss. 1977)). Omni construes this to mean that its unambiguous exclusion trumps the definition of "insured" under the Act.

This portion of *Payne* is admittedly difficult to understand. For starters, the court had already observed that the contract was "clear[]", yet it seemed to conclude in Part A that the provision was void because it conflicted with the Act. *Id.* at 346. The language Omni cites does not appear until Part C of the *Payne* opinion, where the court considered the insurer's argument that "the Paynes are not the innocent insureds which the statute is intended to protect." *Id.* After noting that exclusionary language must be clearly understood, the court made a factual

5

observation that the Paynes may have "lacked sufficient understanding of the ramifications of" the exclusion. *Id.*[1] So the discussion in Part C of the *Payne* opinion may be limited to the innocent-insureds argument. But to the extent it could be viewed as suggesting that an insurer can enforce a contract that reduces the Act's minimum requirements, the holding would conflict with Mississippi law.

To begin, *Payne* quoted *Bridges* when stating that "in order to limit uninsured motorist coverage, 'it must be done in clear and unambiguous language.'" *Id.* (quoting *Bridges*, 350 So. 2d at 1381). But *Bridges* never suggests that an insurer can limit the Act's requirements; it says just the opposite. *Bridges* is a "stacking" case in which the court observed that an insurer can "limit its uninsured motorists coverage *to the minimum amount specified by the financial responsibility law*. However, . . . this must be done by clear and unambiguous language." *Bridges*, 350 So. 2d at 1381 (emphasis added). In other words, the uninsured-motorist coverage must meet the Act's minimum requirements, but if an insurer seeks to exclude coverage above those minimums, it must do so in clear language.

This construction coheres with *In re Koestler ex rel. Koestler*, where the court rejected the contention that an insurer could avoid the Act's minimum requirements through unambiguous policy language. 608 So. 2d 1258 (Miss. 1992), *rev'd on other grounds in Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 660 (Miss. 1994). *Koestler* first noted that "*[e]xcept as limited by the public law*, we respect the right of insurer and insured to contract freely one with the other . . . ." *Id*. at 1263 (emphasis added). But because the Act reflects such

---

[1] The *Payne* case was decided on summary judgment, and it is not clear how this parol evidence was considered and apparently weighed despite unambiguous policy terms.

public law, it "indeed inhibit[s] freedom of contract." *Id.* And as a result, policy provisions conflicting with the Act are void, "no matter how clear or unambiguous they may be." *Id.* at 1268 (citations omitted).

Other cases either reach or observe the same conclusion. *See T.B. v. Liberty Mut. Ins. Co.*, No. 1:10CV545-LG-JMR, 2012 WL 3582640, at *2–3 (S.D. Miss. Aug. 17, 2012) ("If the policy contains any other definition of 'insured,' the statutory definition should be substituted." (quoting *Dunnam*, 366 So. 2d at 671–72)); *Owen v. Universal Underwriters Ins. Co.*, 252 F. Supp. 2d 324, 327 (S.D. Miss. 2003) (holding that provisions limiting "the policy's uninsured motorist coverage to certain named individuals are inconsistent with the statutory definition of 'insured' set out in Miss. Code Ann. § 83-11-103(b)"); *Jeffcoat v. Am. Nat. Prop. & Cas. Co.*, 919 So. 2d 982, 984 (Miss. Ct. App. 2005) (holding that "this Court will reject a carrier's offset language if it attempts to reduce the amount received by the uninsured motorist insured to less than the minimum uninsured motorist coverage required by statute"); *U.S. Fid. & Guar. Co. v. Ferguson*, 698 So. 2d 77, 79 (Miss. 1997) (holding that court "will not interfere with the right of the insurer and insured to contract" regarding UM coverage "so long as the policy meets the minimum statutory requirements," "contracts contrary to public policy are unenforceable"); *Garriga*, 636 So. 2d at 663 (holding that *Koestler* announced correct test but misconstrued Act's minimum requirements); *Dixie Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 614 So. 2d 918, 922, 735 (Miss. 1992) (noting that Mississippi Supreme Court "has consistently held that an insurer may not diminish the mandated statutory requirements"); *Harthcock v. State Farm Mut. Auto. Ins. Co.*, 248 So. 2d 456, 462 (Miss. 1971) (holding that coverage under the Act "is mandatory on the insurer and this undertaking cannot be diminished by a provision in the policy").

In the end, Omni may well be correct that its unnamed-insured exclusion is clear and unambiguous. But based on the foregoing authority, the Court concludes that a Mississippi court would void the exclusion as against public policy. The Court therefore denies Omni's motion for summary judgment.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant Omni Insurance Company's Motion for Summary Judgment is denied. The case will remain stayed until further order.

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2016.

                                                  s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE